# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SYDNEY FOOR, Relator for Stephanie Foor, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:15-cv-4296-MDH |
| CITI MORTGAGE, INC. et al., ) ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Progressive Casualty Insurance Company's Motion to Dismiss (Doc. 18); The Missouri Attorney General's Motion to Dismiss (Doc. 26); Defendant Citi Mortgage, Inc.'s Motion to Dismiss (Doc. 27); and Defendant Mortgage Electronic Registration System, Inc.'s Motion to Dismiss (Doc. 39). Plaintiff has filed excessive documents in this case, some of which appear to be "responses" to the pending motions to dismiss. After reviewing the numerous filings in this case, the Court finds that the pending motions to dismiss are ripe for review.

Plaintiff has filed this *pro se* lawsuit against numerous defendants. Plaintiff's most recent complaint, the Second Amended Complaint, was filed on March 29, 2016 and names the following defendants: CT Corporation Services; Originator US Bank; Government National Mortgage Association as Trustee for Securitized Trust Ginnie Mae Remic Trust 2008-065; Ginnie Mae; Citimortgage; Mortgage Electronic Registration System; and Does 1 through 100, Inclusive. In interpreting the numerous "pleadings" and documents filed by Plaintiff, the Court believes Plaintiff's lawsuit is based on a defective foreclosure on her property. At this time, there are four defendants who have filed Motions to Dismiss. Plaintiff has filed a Proof of

Service alleging the following have been served via certified mail: Citimortgage, Inc., Stonegate Mortgage Corp., FHA/HUD, Mo Attorney General; MLLF; MERS; and Progressive Casualty Insurance. (Doc. 24).  From the record it does not appear defendants Martin Leigh Law Firm, CT Corporation Services, US Bank, Government National Mortgage Association, or Ginnie Mae have been served.  Finally, in addition to excessive notice of filings, Plaintiff has also filed several "motions" which are addressed herein.

## STANDARD

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully.  *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions.  *Ashcroft*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft*, 556 U.S. at 679.  The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  With regard to a pro se complaint the Court must liberally construe the allegations and "pro se litigants are held to a lesser pleading standard than other parties."  *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n. 1 (8th Cir.2010) (citation omitted)

However, a Plaintiff must allege sufficient facts to support her claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); citing, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); and *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir.1981) ("pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."); see also, *Johnson v. Nixon*, 367 F. App'x 715 (8th Cir. 2010); citing, *Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir.1995) (complaint fell short of meeting even liberal standard for notice pleading where it was entirely conclusory and gave no idea what acts individual defendants were accused of that could result in liability).

Further, Rule 12(b)(5) "authorizes a motion to dismiss on grounds of insufficiency of service of process." *Steelman v. Lahontan, LLC*, No. 4:12-CV-206 CAS, 2013 WL 1352013, at *1 (E.D. Mo. Apr. 2, 2013). "Pursuant to Federal Rule of Civil Procedure 4, when no waiver of service has been obtained or filed, service upon a corporation may be properly effectuated by one of two ways: (1) by following the procedures prescribed for individuals under Federal Rule of Civil Procedure 4(e)(1); or (2) by "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant ." *Id.*, see Fed.R.Civ.P. 4(h).

## ANALYSIS

### 1. Progressive Casualty Insurance Company.

Progressive moves the Court to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. A review of the record before the Court reflects that Plaintiff's First

3

Amended Complaint includes a handwritten reference to Progressive on the caption page. However, other than Plaintiff's handwritten reference to Progressive, the only other reference to this Defendant is when Progressive is mentioned as a payee in the documents. Further, in Plaintiff's Second Amended Complaint, (Doc. 10), the most current pleading, Plaintiff makes no reference, or allegation, against defendant Progressive. As a result, the Court finds Progressive's Motion to Dismiss is well taken and that Plaintiff has abandoned her claim against this Defendant. Therefore, Progressive shall be dismissed from this lawsuit. In addition, even if Plaintiff did not intend to drop her claim against Progressive, construing Plaintiff's claims under a liberal standard, Plaintiff's reference to Progressive in her first pleadings fails to state any claim against Progressive, and therefore would be dismissed pursuant to Rule 12(b)(6). Therefore, for the reasons stated herein, Progressive's Motion to Dismiss is **GRANTED**. (Doc. 18).

2. **Attorney General**

The Attorney General's Motion to Dismiss argues Plaintiff's Complaint should be dismissed for several reasons. The AG argues Plaintiff lacks standing to bring her claim; her Second Amended Complaint abandons her claim against the Attorney General; her claims are barred by Eleventh Amendment immunity; she is not entitled to injunctive relief; and she fails to state a claim upon which relief can be granted.

A review of Plaintiff's Second Amended Complaint, along with her other complaints, does not reflect any cause of action against the Attorney General. Similar to Progressive, Plaintiff's First Amended Complaint contains a handwritten reference to the Attorney General on the caption page. However, there is no reference to the AG in Plaintiff's Second Amended Complaint. Again, Plaintiff's lawsuit concerns the alleged mishandling of a foreclosure by

4

certain creditors. However, there are no allegations against the Attorney General in her lawsuit, and even more specifically, Plaintiff abandons reference to the Attorney General in her Second Amended Complaint. The Attorney General does not appear in Plaintiff's caption, nor in the documents attached to the "pleading." As a result, the Court finds that Plaintiff has abandoned her claim against this Defendant. In the alternative, if Plaintiff did not intend to abandon her claim against this Defendant, Plaintiff's claim against the Attorney General would be barred by Eleventh Amendment Immunity and she has failed to state a claim upon which relief can be granted. Therefore, for the reasons stated herein, the Attorney General's Motion to Dismiss is **GRANTED**. (Doc. 26).

3. **Citi Mortgage**

Defendant CitiMortgage moves the Court to dismiss Plaintiff's claim for failure to state a claim upon which relief can be granted, or in the alternative, to file a more definite statement, or in the alternative to strike the Complaint due to failure to comply with Fed. R. Civ. P. 11(a).

First, CitiMortgage argues it has never been served with a copy of the complaint(s) reflected on ECF. Rather, CitiMortgage attaches a February 2016 complaint that it received with a summons. Plaintiff's allegations against CitiMortgage appear to be based on a loan transaction and subsequent default and foreclosure. CitiMortgage argues Plaintiff's allegations of unlawful ownership of the note and wrongful disclosure fail as a matter of law. CitiMortgage also contends Plaintiff does not have standing to challenge the assignment of the note and further that Plaintiff has failed to allege that Plaintiff was not in default and that a foreclosure sale occurred and therefore her claim must fail.

With respect to the other allegations and counts contained in Plaintiff's complaint, Defendant argues Plaintiff has failed to plead the required elements of fraud; intentional

infliction of emotional distress; slander; quiet title; declaratory relief; TILA and HOEPA; RESPA; rescission of the loan and therefore should be dismissed.

While the Court has attempted to construe and decipher Plaintiff's complaints and alleged causes of action under the liberal standard afforded to a pro se Plaintiff, the Court simply cannot construct a legal theory based on any "facts" in Plaintiff's pleadings. The Court is not required to decipher a complaint when it falls short of meeting even the liberal standard for notice pleading, when as found here, the allegations, if any, are entirely conclusory and give no idea what acts individual defendants were accused of that could result in liability. Instead, after a few introductory typewritten pages, Plaintiff then has attached numerous documents and subsequent handwritten notes in her filings. The Court finds that even after reading these documents as favorably to the Plaintiff as possible, it is impossible to determine what complaints she has against this Defendant, as well as the other Defendants referenced throughout her filings. Plaintiff's "complaint," along with her excessive filings, leaves the Court, and the Defendants, to guess as to what relevance her attachments and handwritten notes have to any of her alleged claim. As a result, the Court **GRANTS** the Motion to Dismiss. (Doc. 27).

4. **MERS**

Defendant MERS moves to dismiss Plaintiff's complaint for insufficient service of process. Unlike the other defendants, MERS does not waive service and argues the Summons it received failed to include a copy of any complaint, despite Plaintiff's filing of multiple complaints in this case.

MERS argues pursuant to Rule 4(c)(1) a summons must be served with a copy of the complaint and failure to do so may result in a dismissal pursuant to Rule 12(b)(5). See *LNV Corp. v. Robb,* 843 F.Supp. 2d 1002, 1003 (Mo.W.D. Jan. 31, 2012). If the Court lacks

6

Case 2:15-cv-04296-MDH   Document 56   Filed 10/03/16   Page 6 of 10

jurisdiction over the Defendant, it has discretion to dismiss the cause of action. *Steelman v. Lahontan, LLC*, No. 4:12-CV-206 CAS, 2013 WL 1352013, at *2 (E.D. Mo. Apr. 2, 2013); citing, *Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir.1998) ("the [district] court has discretion to either dismiss the action, or quash service but retain the case.") (internal citations omitted). Here, the Court believes the determination of whether Plaintiff has properly served MERS is not required. If Defendant MERS had waived service, as some of the other Defendants did, the Court believes a Motion to Dismiss for Failure to State a Claim would be well taken because Plaintiff has failed to state a cause of action against this Defendant.

The Court has a right as a threshold matter to inquire as to whether this Court has jurisdiction to proceed with this case. See, *Myers v. Richland Cty.*, 429 F.3d 740, 74 (8th Cir. 2005) ("[a]ny party or the court may, at any time, raise the issue of subject matter jurisdiction") (internal citations omitted) and *United States v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431, 2435, 132 L. Ed. 2d 635 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'"). Here, Plaintiff has failed to allege a claim in this Court upon which she has standing, or upon which this Court has jurisdiction, and therefore, for the reasons set forth herein, Plaintiff's claims against MERS are **DISMISSED**.

### 5. Plaintiff's Motions

Plaintiff has also filed numerous motions. First, Plaintiff has a pending "Application for Temporary Restraining Order, Preliminary Injunction and Declaratory Relief." (Doc. 8). Plaintiff's "motion" has typewritten across the top of the first page "In Circuit Court of Camden County, Missouri" with handwritten notes above it that states "U.S. District Court Western District of Mo Southern Division," "dropped off 3/2/2016 Camdenton, MO Camden County

courthouse, no answer." Plaintiff sets forth numerous allegations in this document regarding the foreclosure that was to "happen within the next week." The document was filed on March 8, 2016. However, Plaintiff then filed a second amended complaint on March 29, 2016 and at that time did not request any further action taken with request to her prior "application." As a result, the Court **DENIES** Plaintiff's Application for TRO, (Doc. 8), finding it moot.

Plaintiff has also filed a third motion for appointment of counsel. (Doc. 35). The Court has previously denied the appointment of counsel in this case two times. (See Docs. 3 and 14). Plaintiff's application provides no further evidence to justify the appointment of counsel. Plaintiff's Motion is **DENIED.** (Doc. 35).

Finally, Plaintiff has filed several motions to consolidate. Plaintiff first requests that the Court consolidate her cases, including bankruptcy cases, and to again appoint her a representative. Plaintiff refers to case numbers 90-30568; 05-23820; 13-20925; 13-21618; 11-21620; 15-04296; and 16-3004. Plaintiff has shown no connection to any case numbers listed in her handwritten notes and the only case referenced in her "motion" that was previously before this Court has been dismissed. See Case No. 16-3004. Therefore, Plaintiff's Motion to Consolidate is **DENIED.** (Doc. 37). Plaintiff's second motion to consolidate moves to consolidate because Plaintiff believes all her cases are related "due to the fact that I applied for SSDI in 2002 for myself and in 2005 for my daughter." (Doc. 44). Plaintiff moves to consolidate case numbers 16-3004; 15-4296; and 16-4052. However, the two other cases referenced in Plaintiff's motion have already been dismissed. Therefore, Plaintiff's Motion is **DENIED.** (Doc. 44).

Plaintiff's last motion, (Doc. 53), is a handwritten note that states in its entirety: "To the judge, I, Motion the court to consolidate all cases and file under seal as false claims act, see doc

in 2:15-cv-04296 – MDH." For the reasons set forth herein, Plaintiff's motion is **DENIED.** (Doc. 53).

### 6. Remaining Defendants

Finally, Plaintiff claims she has served Stonegate Mortgage Corp., FHA/HUD and MLLF. (See Doc. 24). Plaintiff does not reference any service of defendants Martin Leigh Law Firm, CT Corporation Services, US Bank, Government National Mortgage Association or Ginnie Mae. Regardless of whether Plaintiff has obtained proper service on these Defendants, which the Court does not believe has occurred, the Court's review of Plaintiff's multiple complaints, and excessive filings in this case, does not reveal that Plaintiff has established that she has standing to bring claims against these Defendants based on the information she has provided to the Court, or that she has complied with the Federal Rules of Civil Procedure for bringing a lawsuit against these parties. See, *Myers v. Richland Cty.*, 429 F.3d 740, 74 (8th Cir. 2005) ("[a]ny party or the court may, at any time, raise the issue of subject matter jurisdiction") (internal citations omitted) and *United States v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431, 2435, 132 L. Ed. 2d 635 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'"). Here, the Court is unable to decipher Plaintiff's basis for standing for her alleged claims against these Defendants. The Court's attempt to comprehend Plaintiff's filings has not revealed a basis for this lawsuit to proceed in this Court. Even reading Plaintiff's filings as favorably as possible the Court is unable to establish that Plaintiff has alleged a claim upon which she has standing, or upon which this Court has jurisdiction, and therefore, for the reasons set forth herein, Plaintiff's claims are dismissed, in their entirety.

## CONCLUSION

For the reasons set forth herein, Defendant Progressive Casualty Insurance Company's Motion to Dismiss (Doc. 18) is **GRANTED**; The Missouri Attorney General's Motion to Dismiss (Doc. 26) is **GRANTED**; Defendant Citi Mortgage, Inc.'s Motion to Dismiss (Doc. 27) is **GRANTED**; and Defendant Mortgage Electronic Registration System, Inc.'s Motion to Dismiss (Doc. 39) is **GRANTED**. In addition, Plaintiff's pending motions are **DENIED** for the reasons set forth herein. Finally, Plaintiff's claims are dismissed, in their entirety, against all the Defendants, for the reasons set forth herein.

**IT IS SO ORDERED**.

Dated: October 3, 2016                  */s/ Douglas Harpool*
                                        **DOUGLAS HARPOOL**
                                        **UNITED STATES DISTRICT JUDGE**